FILED
SUPERIOR COURT
OF GUAM

2022 OCT 12 AM 10: 53

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, <br><br> vs. <br><br> GERALD WAYNE CRUZ II <br> *aka* Gerard Wayne Cruz II, <br><br><br> Defendant. | Case No. CF0619-18 <br><br> **DECISION AND ORDER** <br> **(Motion to Dismiss Special Allegation)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on July 14, 2022, for a Motion Hearing on Gerald Wayne Cruz II's ("Defendant") Motion to Dismiss Special Allegation. Assistant Public Defender William Bischoff appeared for Defendant. Assistant Attorney General Katherine Nepton appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion to Dismiss Special Allegation.

## BACKGROUND

On September 7, 2021, the Supreme Court of Guam issued an opinion reversing the dismissal of the felony animal abuse/cruelty charges contained in the Second Superseding Indictment and remanding the case for further proceedings not inconsistent with its opinion. *People v. Cruz*, 2021 Guam 10. On September 27, 2018, Guam Police Department ("GPD") received a report that a dog was shot on Goro Elena Street in Yigo. Mag. Complaint, Oct. 12,

2018. Upon interviewing witnesses, GPD learned that several animals in the area were shot in the months preceding the September 27 shooting. *Id.* Witnesses alleged Defendant committed these shootings. *Id.* Upon remand, the Grand Jury Indicted Defendant on the following charges: (1) Two Counts of Animal Cruelty (As a Third Degree Felony) with Two Counts of the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Three Counts of Possession of an Unregistered Firearm (As a Third Degree Felony); and (3) Unsworn Falsification (As a Misdemeanor). Second Superseding Indictment, July 1, 2021.

Defendant filed the instant motion. Mot. to Dismiss Special Allegation, May 3, 2022. The People filed an opposition. People's Resp. in Opp'n. to Def.'s Mot. to Dismiss Special Allegation, May 25, 2022. Defendant filed a reply to the People's opposition. Reply Brief Re: Mot. to Dismiss Special Allegation, May 31, 2022. Defendant filed an addendum to his motion. Addendum to Mot. to Dismiss Special Allegation, July 14, 2022. The Court held a Motion Hearing and took the parties' arguments under advisement. Minute Entry, July 14, 2022.

## DISCUSSION

Defendant argues the Court should dismiss the Two Counts of Special Allegation: Possession or Use of a Deadly Weapon In the Commission of a Felony ("Special Allegation") pursuant to the due process clauses of the Organic Act of Guam and the Fifth and Fourteenth Amendments of the United States Constitution. Mot. to Dismiss Special Allegation at 1. Defendant further argues that the Court should dismiss the Special Allegation because "defendant's alleged conduct did not actually cause or threaten the harm or evil sought to be prevented by 9 GCA § 80.37 Special Allegation law." *Id.*

Title 9 G.C.A § 80.37 is a sentencing enhancement that applies when a defendant possessed or used a deadly weapon in the commission of a felony.[1] A deadly weapon is defined as "any firearm, or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to the defendant to be capable of producing death or serious bodily injury." 9 G.C.A § 16.10(d). Title 9 G.C.A § 16.10(c) defines serious bodily injury as "bodily injury which creates: serious permanent disfigurement; severe or intense physical pain; or protracted loss or impairment of consciousness or of the function of any bodily member or organ." The Supreme Court of Guam has found that the manner in which the defendant uses the weapon, as well as the defendant's knowledge, ascertains whether the weapon is a deadly weapon. *Cf. People v. Quitugua*, 2015 Guam 27 ¶ 82 (analyzing what constitutes a deadly weapon in the context of aggravated assault).

Defendant is charged with Two Counts of Animal Cruelty pursuant to 9 G.C.A § 70.10.1(a)(1), which—at the time Defendant was charged—stated "[a] person commits the crime of animal abuse in the first degree if the person intentionally, knowingly, or recklessly,

---

[1] Title 9 G.C.A § 80.37 states:

    (a) Whoever unlawfully possesses or uses a deadly weapon in the commission of a felony punishable under the laws of Guam shall,
        (1) In addition to the punishment imposed for the commission of such felony, be imprisoned for a term of not less than five (5) years not more than twenty-five (25) years.
        (2) Shall be fined not less than one thousand dollars ($1,000), but not more than five thousand dollars ($5,000), which fine shall be payable to the Criminal Injuries Compensation fund.
    (b) The sentence shall include a special parole term of not less than three (3) years in additional to such term of imprisonment.
    (c) No person convicted and sentenced hereunder shall be eligible for parole or probation until he shall have served at least five (5) years in prison.
    (d) No person convicted or sentenced hereunder shall be eligible to participate in any work release program until he shall have served at least five (5) years.
    (e) The term required to be imposed by this Section shall not run concurrently with any term of imprisonment imposed for the commission of any other felony.

except as authorized by law: causes serious physical injury to the animal(s) cruelty [sic] causes the death of the animal(s) or tortures the animals . . ."[2] Second Superseding Indictment. At the time Defendant was charged, 9 G.C.A § 70.01(h) defined "serious physical injury" as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, impairment of health or impairment to the function of a limb or bodily organ."[3]

**A. Subjecting Defendant to the Special Allegation is not a violation of his due process rights.**

"The void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *People v. Perez*, 1999 Guam 2 ¶ 4 (citing *Kolender v. Lawson*, 461 U.S. 452, 457 (1983)). "Vagueness may invalidate a criminal law for either of two independent reasons. First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement." *People v. Shimizu*, 2017 Guam 11 ¶ 28 (quoting *City of Chicago v. Morales*, 527 U.S. 41 (1999)).

**1. Title 9 G.C.A § 80.37 provides sufficient notice for the ordinary person to understand what kind of conduct is prohibited.**

Defendant alleges that the Special Allegation—as applied to his charges—violates the fair notice prong of the due process test, articulating "defendant's point is that no fair warning has ever been given that even though the law prefers the quick killing of an animal, if it is to be done, that if you use the most obvious of quick-death producing instruments, a firearm, but

---

[2] Title 9 G.C.A § 70.10.1(a)(1) was implicitly repealed by P.L. 35-144 on January 22, 2021.
[3] Title 9 G.C.A § 70.01(h) was implicitly repealed by P.L. 35-144 on January 22, 2021.

make an errant shot and cause an animal to briefly suffer serious physical injury before it dies, then you will have committed a serious felony offense *and, moreover,* be subject to a minimum 5-25 year Special Allegation deadly weapon sentence." Reply Brief Re: Mot. to Dismiss Special Allegation at 1–2.

In *People v. Shimizu*, 2017 Guam 11, the Supreme Court of Guam found that the family violence statute was unconstitutionally vague and did not provide fair notice. *Shimizu*, 2017 Guam at ¶ 33. Specifically, the Supreme Court of Guam reasoned the statute "is impermissibly vague in that it does not adequately inform citizens of what conduct is prohibited by the statute." *Id.* at 34. The Supreme Court of Guam provided a series of variations of the defendant's conduct and observed that distinguishing which conduct was a violation of the statute was difficult. *Id.*

In contrast to *Shimizu*, variations of Defendant's conduct do not change whether the Special Allegation applies. Title 9 G.C.A § 80.37 makes it clear that using a deadly weapon to commit a felony is prohibited, as long as the underlying conduct constitutes a felony. Defendant does not argue that he did not use a deadly weapon, but insinuates that his conduct should be charged as a misdemeanor instead of a felony. In *People v. Cruz*, 2021 Guam 10, the Supreme Court of Guam stated "[t]he legislative intent supports the plain meaning of section 70.10.1(a)(1) that the act of causing 'serious physical injury' to an animal, whether or not the animal dies, constitutes a felony offense." *Cruz*, 2021 Guam at ¶ 17. Thus, the Supreme Court of Guam has already determined that Defendant can be charged with a felony for his conduct. Consequently, 9 G.C.A § 80.37 adequately informed Defendant that using a firearm to commit Animal Cruelty, a third degree felony, is prohibited.

## 2. Title 9 G.C.A § 80.37 does not authorize arbitrary and discriminatory enforcement.

"[I]t has been recognized that the more important aspect of the actual vagueness doctrine is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement." *Perez*, 1999 Guam at 4 (citing *Kolender v. Lawson*, 461 U.S. 452, 457 (1983)). "A law must provide 'ascertainable standards of guilt' that guide the arm of enforcement.'" *Shimizu*, 2017 Guam 11 at ¶ 36 (quoting John F. Decker, *Overbreadth Outside the First Amendment*, 34 N.M.L. Rev. 53, 60–61 (2004)). "The absence of an ascertainable standard of guilt in a given legal proscription gives police officers, prosecutors, and the triers of fact unlimited discretion to apply the law, and thus, there is a danger of arbitrary and discriminatory enforcement of such a law." *Id.*

Defendant claims that "[t]here is no reason to believe the Legislature intended the Special Allegation deadly weapons charge to *always* apply in the context of animal cruelty laws—which contrary to laws regarding the use of force against humans, *prefer* killing to seriously injuring." Mot. to Dismiss Special Allegation at 4. The Court disagrees with Defendant's statement that the law prefers killing to seriously injuring an animal, as it seems the Supreme Court of Guam has already rejected this statement. *See Cruz*, 2021 Guam at ¶ 16 ("An absurdity would result were the court to adopt [Defendant's] reasoning that the 'serious physical injury' theory of felony animal abuse/animal cruelty applies only when the animal survives its injuries."). The Legislature chose to use the language ". . . a felony punishable under the laws of Guam. . ." 9 G.C.A § 80.37. The statute does not enumerate any felonies, exclude any felonies, or even discuss any specific felonies. *Id.* Nothing in the statute suggests

that the legislature intended for the Special Allegation to apply to some felonies but not others. As a result, the Court finds that 9 G.C.A § 80.37 applies to all felony animal cruelty charges.

Defendant states "[i]f the Special Allegation is not dismissed, the cruel irony here would be that despite the law's plainly preferring that an animal be killed, over its being lastingly seriously injured, the defendant could be punished extra, in the extreme, for using the most obvious of preferably *deadly* weapons." Mot. to Dismiss Special Allegation at 2. Although some weapons may constitute a deadly weapon under 9 G.C.A § 80.37 and others do not, there are clear guidelines to govern law enforcement. Title 9 G.C.A § 16.10(d) enumerates specific weapons that are deadly, and clarifies a deadly weapon must be "capable of producing death or serious bodily injury." Title 9 G.C.A § 16.10(c) defines "serious bodily injury." Therefore, to meet its burden at trial, the prosecution must prove beyond a reasonable doubt: (1) the defendant committed a felony punishable under the laws in Guam; (2) during the commission of the felony, the defendant used a weapon capable of producing death or serious permanent disfigurement, severe or intense physical pain, or protracted loss or impairment of consciousness or of the function of any bodily member or organ. The prosecution thus has limited discretion in determining when the Special Allegation applies because the conduct must rise to the level of a felony and the harm to the victim must be severe. The Court notes that the law allows for a plethora of objects to constitute deadly weapons and finds it is unproductive to speculate in which scenarios the Special Allegation applies.

The Court finds that Defendant's argument is better made to the fact finder, who has the option to acquit Defendant on the Special Allegation counts if it finds the elements of the Special Allegation are not met. The Court plans to instruct the jury on 9 G.C.A § 80.37; 9 G.C.A § 16.10(d); 9 G.C.A § 16.10(c); 9 G.C.A § 70.10.1(a)(1); and 9 G.C.A § 70.01(h). The

Court also plans to inform the jury that if Defendant is not found guilty of the felony charges, he cannot be convicted of the Special Allegation charges. The Court holds that 9 G.C.A § 80.37 is not void for vagueness.

Lastly, Defendant asserts the Court should infer a *mens rea* requirement in the Special Allegation statute to separate wrongful conduct from otherwise innocent conduct. Addendum to Mot. to Dismiss Special Allegation at 1–2. Title 9 G.C.A § 80.37 does not explicitly state the required mental state. However, 9 G.C.A § 16.10(d) defines "deadly weapon" in the context of 9 G.C.A § 80.37 and states ". . .the manner it is used is known to the defendant to be capable of producing death or serious bodily injury." Thus, the mental state required by 9 G.C.A § 16.10(d) is "knowingly." Title 9 G.C.A. § 4.30(b) defines knowingly under Guam law.[4] The requirement Defendant "knowingly" used the weapon in a manner capable of producing serious bodily injury separates wrongful and innocent conduct.

"The manner in which a 'weapon, device, instrument, material or substance' is used, and the defendant's knowledge, determines whether an object is a deadly weapon." *People v. Reselap*, 2022 Guam 2 ¶ 34 (citing 9 G.C.A. § 16.10(d); citing *People v. Quitugua*, 2015 Guam 27 § 82). The People have the burden of proving the .22 rifle was a deadly weapon, and Defendant used it in a dangerous manner that he knew could cause death or serious bodily injury. *Reselap*, 2022 Guam 2 ¶ 34. Based on the facts contained in the record, the Court finds that a reasonable juror could find Defendant knew of the .22 rifle's capacity to cause death or

---

[4] Title 9 G.C.A. § 4.30(b) states:

> A person acts knowingly, or with knowledge, with respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.

serious harm. Defendant will have the opportunity at trial to present evidence and testimony that Defendant did not have the mental state of "knowingly."

**B. Defendant caused the harm or evil 9 G.C.A § 80.37 seeks to prevent.**

Defendant contends "the Court must dismiss the special allegations because defendant's alleged conduct '[d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense,'" and cites to 9 G.C.A. § 7.67. Title 9 GCA § 7.67(b) provides "[t]he court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct. . . [d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." In order to consider dismissal under 9 G.C.A § 7.67(b), the Court should assume all factual allegations as true and determine whether the alleged conduct exposes society to a risk of harm sufficient to warrant conviction. *People v. Perez*, 2004 Guam 4 ¶ 16. The Court determines the risk of harm to society by evaluating (1) the attendant circumstances; (2) the existence of contraband; (3) the value of the property involved; (4) the use or threat of violence; and (5) the use of weapons. *Id.* at ¶ 12 (citing *State v. Zarrilli*, 523 A.2d 284, 288 (N.J. Super. Ct. Law Div. 1987)).

For the purposes of this motion, the Court assumes as true all the factual allegations against Defendant. The first, third, fourth, and fifth factors weigh against Defendant. As to the circumstances surrounding the commission of the offense, Defendant used a .22 rifle to shoot and kill a dog and a cat. Second Superseding Indictment. Witnesses observed Defendant complaining of the dog's barking and threatening to shoot the dog the day prior to the alleged

incident. Mag. Compl. Nothing in the record suggests Defendant's attack was provoked. These actions involved threats and use of violence, which resulted in the death of the two animals. The value of the Pugua the dog and the cat, who were pets, is high. Although not people, pets are invaluable to their owners. The second factor weighs in Defendant's favor, as no there are no allegations or indications of the use of drugs or presence of contraband. The Court recognizes that applying the Special Allegation to Animal Cruelty charges is uncommon. However, it finds that Defendant caused the harm that 9 G.C.A § 80.37 seeks to prevent; he made threats of violence and used a firearm in a manner that resulted in the death of two animals.

## C. The Special Allegation applies to crimes against non-humans.

Defendant asserts that the Special Allegation is inapplicable when the intended target of the deadly weapon is a not a human. Mot. to Dismiss Special Allegation at 7. He conducts a statutory construction of the Special Allegation and concludes that the plain meaning of the statute is ambiguous. *Id.* at 10. The Supreme Court of Guam has not specifically addressed whether the Special Allegation applies to crimes against non-humans.

All statutory interpretation begins with looking at the plain language of the statute. Where there is no ambiguity as to the intent of the statutory language, "judicial inquiry is complete." *Rubin v. United States*, 449 U.S. 424, 430 (1981). Whether language is plain or ambiguous "is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.* 519 U.S. 337, 341 (1997).

Defendant contends that the Legislature's failure to define the term "death" makes the statute ambiguous because it could apply to humans, animals, and even plants. Mot. For

Special Allegation at 7–10. The Court disagrees. Title 9 G.C.A § 80.37 requires the defendant use a "deadly weapon" in the commission of a felony. Title 9 G.C.A § 16.10(d) states that the defendant must use or intend to use the weapon in a manner he knows it is "capable of producing death or serious bodily injury." Title 9 G.C.A § 16.10(c) defines "serious bodily injury" as "severe physical pain;" "permanent disfigurement;" loss of consciousness; or impairment of a bodily organ—among other things. Plants do not experience serve physical pain, are not capable of losing consciousness, and do not have bodily organs. Thus, when considering the term "death" is in conjunction with the phrase "serious bodily injury," it is clear that 9 G.C.A § 80.37 does not apply to plants, nor is it overly broad. If the Legislature wanted to limit the Special Allegation to crimes against humans, it could have included such language, or included language requiring the victim of the felony perceive the deadly weapon.

The Legislature also could have explicitly included or excluded certain felonies in 9 G.C.A. § 80.37. Instead, the Legislature chose to use the language "commission of a felony punishable under the laws of Guam," suggesting the Special Allegation applies to any felony. The District Court of Guam Appellate Division has found that the Legislature intended for the Special Allegation to apply to all felonies. *See People v. Camacho*, No. 85-00013A, 1986 WL 68903 at 1 ("We hold that the clear and unambiguous language of Sec. 80.37 evidences the intention of the Guam legislature to enhance the penalty for the commission of 'a felony punishable under the laws of Guam.'"); *see also People v. Ulloa*, No. 91-00071A, 1994 WL 129739 ("[9 G.C.A. § 80.37] contains no exceptions and applies to all felonies"); *and Guam v. Iglesias No.* 85-00020A slip. op. at 4 (stating the Legislature's decision to not exclude any felonies Public Law 14–143, 9 G.C.A. § 80.37's clear and ambiguous language, and 9 G.C.A. § 80.37's legislative history "evidences that the Guam Legislature intended to enhance the

punishment for all those who possess or use a deadly weapon 'in the commission of a felony punishable under the laws of Guam'").

Likewise, 9 G.C.A. § 70.01(h) defines "serious physical injury"—in the context of 9 G.C.A. § 70.10.1(a)(1)—as "protracted disfigurement, impairment of health or impairment to the function of a limb or bodily organ." Title 9 G.C.A § 16.10(c) defines "serious bodily injury" as "protracted loss or impairment of consciousness or of the function of any bodily member or organ." Although the Legislature chose to use "serious bodily injury" in the context of 9 G.C.A. § 80.37 instead of "serious physical injury," the Court notes that both definitions contain similar language. The similarity of the language describing the harm 9 G.C.A. § 80.37 and 9 G.C.A. § 70.10.1(a)(1) seek to prevent suggests the Legislature intended for the Special Allegation to apply to the Animal Cruelty charges. If the Legislature intended for harm to animals to be clearly distinct from harm to humans, it could have used language in 9 G.C.A. § 70.01(h) describing harm to property. Accordingly, the Court holds the plain meaning of the Special Allegation is not ambiguous and declines to consider extra textual factors.

Additionally, Court agrees with the People's assertion that Pennsylvania's deadly weapon enhancement statute is similar to 9 G.C.A. § 80.37.[5] The Supreme Court of Pennsylvania found that Pennsylvania's deadly weapon enhancement statute applies to Animal

---

[5] At the time of the *Hackenberger* opinion, 204 Pa. Code. § 303.10(a)(2) stated:

> (2) When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.18). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual or in the furtherance of the crime:
>   (i) Any firearm, (as defined in 42 Pa.C.S.A. § 9712) whether loaded or unloaded, or
>   (ii) Any dangerous weapon (as defined in 18 Pa.C.S.A. § 913), or
>   (iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

Cruelty charges. *Com. v. Hackenberger*, 836 A.2d 2, 4 (Pa. 2003). It reasoned that no part of the statute contained ambiguities and elected to follow the plain meaning. *Id.* Title 204 Pa. Code. § 303.10(a)(2) states that the deadly weapon enhancement applies if the defendant used a deadly weapon "in the furtherance of the crime," while 9 G.C.A. § 80.37 states the Special Allegation applies if the defendant used a deadly weapon "in the commission of a felony." The Court notes that although "furtherance" and "commission" are distinct words, they have similar meanings. The Merriam-Webster dictionary defines the verb tense of "further" as "to help forward" or "to promote." The Merriam-Webster dictionary defines the term "commission" as "an act of committing something." The Merriam-Webster dictionary defines the term "commit" as "to carry into action deliberately." Both statutes apply when the defendant uses a deadly weapon to advance a felony offense. The Supreme Court of Pennsylvania concluded it was "clear" that the deadly weapon enhancement was applicable to the defendant because he used a rifle—a deadly weapon—to shoot a kill a dog, which the jury found constituted animal cruelty. *Hackenberger*, 836 A.2d at 4–5. The Court finds the Pennsylvania Supreme Court's reasoning persuasive. In this case, Defendant used a rifle—9 G.C.A § 16.10(d) enumerates a firearm as a deadly weapon—to shoot and kill a dog and a cat. Mag. Compl. The Supreme Court of Guam has found that Defendant can be charged with a felony for his conduct, and the jury will determine whether Defendant's conduct constitutes a felony. Thus, the Court finds the Special Allegation is applicable to Defendant.

Finally, Defendant cites *Prichard v. State*, 533 S.W.3d 315 (Tex. Crim. App. 2017) for the proposition that a deadly weapon enhancement does not apply when deadly force is used against a dog. Mot. to Dismiss Special Allegation at 13. In *Prichard*, the Texas Court of Criminal Appeals held "the evidence is insufficient to support a deadly weapon finding under

circumstances in which the sole recipient or being against whom a deadly weapon was used or exhibited was a nonhuman." *Prichard* 533 S.W.3d at 331. The Texas Court of Criminal Appeals found the statute ambiguous because "a reasonable person could read [the statute's] terms as applying either to only humans or to all organisms that are capable of cessation of life." *Id.* at 320. The Court finds that ambiguity regarding Texas's deadly weapon statute does not exist in relation to the Special Allegation.[6] The Texas Court of Appeals determined that the word "death" in Tex. Code Crim. Proc, art. 42.12, § 3g(a)(2) was vague and ambiguous because the word is broad enough to include non-human forms of life. *Id.* at 322. The Texas Court of Appeals noted that Texas's deadly weapon statute uses the term "death," while Texas's animal cruelty uses the term "kill," stating "[a] killing involves a death, but a death does not necessarily involve a killing." *Id.* at 324. In contrast to Texas's statutes, both 9 G.C.A. § 80.37 and 9 G.C.A. § 70.10.1(a)(1) used the word "death." As discussed above, the Court finds that the term "death" in the context of the Special Allegation is not vague or overly broad.

The Court also notes that Tex. Code Crim. Proc, art. 42.12, § 3g(a)(2) requires the defendant "used or exhibited" a deadly weapon, while 9 G.C.A. § 80.37 requires the defendant "used or possessed" a deadly weapon. The Merriam-Webster dictionary defines the verb tense of "exhibit" as "to show or display outwardly especially by visible signs or actions." The Merriam-Webster dictionary defines "possess" as "to have and hold as property." The Texas

---

[6] At the time of the *Prichard* opinion, Tex. Code Crim. Proc, art. 42.12, § 3g(a)(2) stated:

> The provisions of Section 3 of this article do not apply: . . . to a defendant when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was party to the offense and knew that a deadly weapon would be used or exhibited. On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the weapon was a firearm, the court shall enter that finding in its judgment.

Legislature's use of the word "exhibited" instead of "possessed" suggests that Texas's statute requires the victim to perceive the deadly weapon, while the Special Allegation's use of the term "possess" does not require the victim to perceive a weapon. As a result, the absence of a perception requirement in the Special Allegation makes it dissimilar from Texas's statute. Therefore, the Court finds that it is clear the Legislature intended for the Special Allegation to apply when the victim is an animal.

**CONCLUSION**

For the above reasons, the Court **DENIES** Defendant's Motion to Dismiss Special Allegation.

SO ORDERED, this _____ day of __**OCT 1 2 2022**__, 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

Ⓐ A further proceedings will be held on Nov. 15, 2022 @ 11am.